IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | 4:11CV3217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KIRSTIN BRODY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 30, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on November 30, 2011, against two Habitat for Humanity employees, Kirstin Brody and Obie Dortch ("Dortch"), and Omaha Police Detective Chad Kavars. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Douglas County Correctional Center in Omaha, Nebraska. (*Id.*; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on June 14, 2011, Dortch escorted him to the "back dock" of the Habitat for Humanity Restore to discuss allegations that he had sexually assaulted someone. (Filing No. 1 at CM/ECF p. 3.) Balinda Nunn ("Nunn") and her boyfriend accompanied Dortch and Plaintiff to the back dock. (*Id.*) At the back dock, Nunn's boyfriend assaulted Plaintiff and Nunn spit on him. (*Id.*) Later, another Habitat for Humanity worker, Tim, called the police. (*Id.*) The police later took Plaintiff downtown and questioned him about the sexual assault. (*Id.* at CM/ECF pp. 3-4.)

Plaintiff states that he told the police that Nunn and her boyfriend assaulted him, but nothing has been done. (*Id*. at CM/ECF p. 4.) Plaintiff asks the court to bring charges against Nunn and her boyfriend. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

    *A.    Plaintiff's Request to Initiate Criminal Charges*

2

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." See Mercer v. Lexington Fayette Urban Cnty. Gov't., No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); see also Parkhurst v. Tabor, 569 F.3d 861, 867 (8th Cir. 2009) (quoting United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")).

Here, Plaintiff asks the court to initiate criminal charges against Nunn and her boyfriend. (Filing No. 1 at CM/ECF pp. 3-4.) Because the court does not have the authority to force a criminal prosecution, Plaintiff's request to initiate criminal charges fails to state a claim upon which relief may be granted.

### B. Subject Matter Jurisdiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff does not allege that his citizenship is different from the citizenship of each Defendant. (Filing No. 1.) Further, Plaintiff does not seek monetary damages. (Id. at CM/ECF p. 4.) Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred

3

to as "federal question" jurisdiction. *Nw. S. Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Plaintiff does not set forth any allegations that could be liberally construed to violate a constitutional right or any federal statute. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Rather, Plaintiff asserts claims, and seeks relief, pursuant to state law, such as claims relating to assault and negligence. Accordingly, the court lacks subject matter jurisdiction, and the Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of January, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.